| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LICIA CAMARA, | Case No. 1:17-cv-00490-LJO-MJS |
| Plaintiff, | **ORDER DENYING, WITHOUT PREJUDICE, FIRST REQUEST FOR EXTENSION OF TIME TO FILE ANSWER** |
| v. | |
| BARGAIN BUNCH | **(ECF NO. 6)** |
| Defendant. | |

On June 5, 2017, a motion for extension of time to file an answer was filed on behalf of Defendant Bargain Bunch. The motion was submitted by "Bargain Bunch, pro se." It is signed by an unidentified individual and the signature is illegible.

Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, any motion must be signed by "at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Here, it is unclear who submitted the motion on behalf of Bargain Bunch, that person's relationship to Bargain Bunch, that person's authority to appear in court on behalf of Bargain Bunch, and whether Bargain Bunch may be permitted to appear without an attorney in this action. Compare Rowland v. Cal. Men's Colony, 506 U.S. 194, 201–202 (1993) (noting that 28 U.S.C. § 1654 does not

allow corporations, partnerships, or associations to appear in federal court other than through a licensed attorney), and Licht v. Am. W. Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."), with National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609–10 (11th Cir. 1984) (noting that pursuant to 28 U.S.C. § 1654, a sole proprietor could appear in federal court pro se). Absent some indication that the motion was filed by an attorney or an individual with authority to proceed pro se on behalf of Bargain Bunch is this action, the motion must be denied.

    Accordingly, the motion is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   June 8, 2017          /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE